UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2048 ABC (SSx) | Date | November 23, 2010 |
|---|---|---|---|
| Title | Bruce E. Fein v. Peter Scott Kesterson, et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   ORDER RE: Motion for Attorney's Fees and Costs (In Chambers)

Pending before the Court is Defendants Peter Scott Kesterson, et al.'s ("Defendant's") Motion for Attorney's Fees and Costs, filed on August 14, 2010. (Docket No. 45.) Plaintiff Bruce E. Fein ("Plaintiff") opposed on August 25, 2010 and Defendant replied on September 7, 2010. Finding the matter appropriate for resolution without oral argument, the Court vacated the September 20, 2010 hearing date and took the matter under submission. Fed. R. Civ. P. 78; Local Rule 7-15. Having considered the briefs and case file, the Court GRANTS Defendant's motion in its entirety.

**BACKGROUND**[1]

Defendant Kesterson was a congressional candidate running a Republican primary campaign for California's 36th Congressional District seat in the United States House of Representatives. Plaintiff Fein is a constitutional and international lawyer, former Associate Deputy Attorney General under President Reagan, and former General Counsel of the Federal Communication Commission and at the time was married to Mattie Fein, Kesterson's opponent for the Republican Primary. He filed this defamation lawsuit against Kesterson following comments Kesterson made at an event sponsored by a candidate for another congressional office.

On July 26, 2010, the Court granted Defendant's special motion to strike the complaint pursuant to California Code of Civil Procedure section 425.16 (the "anti-SLAPP" motion) and entered judgment in Defendant's favor on August 2, 2010. (Docket No. 44.) The Court also held that Defendant was entitled to reasonable attorney's fees as a prevailing party. See Cal. Code Civ. P. § 425.16(c); Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001).

By way of this motion, Defendant seeks $31,045 in fees for prosecuting his successful anti-SLAPP motion and drafting the instant fees motion, $2,100 in fees for drafting the reply brief to the fees motion, and $2,505.02 in costs. Of that total, Defendant's lead attorney, Thomas H. Vidal, spent 85.7 hours at $350/hour and another firm with whom Mr. Vidal consulted spent 9 hours at $350/hour. (Vidal

---

[1]The full factual background of this case is explained in detail in the Court's Order granting Defendant's anti-SLAPP motion (Docket No. 41) and need not be repeated here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2048 ABC (SSx) | Date | November 23, 2010 |
|---|---|---|---|
| Title | Bruce E. Fein v. Peter Scott Kesterson, et al. | | |

Decl. ¶ 17; Schlichter Decl. ¶ 5.) Mr. Vidal's hours included 37.9 hours spent on briefing the anti-SLAPP motion; 11.2 hours spent analyzing documents and evidence; 10.2 hours spent on legal research; 7.2 hours spent preparing for and attending Kesterson's deposition; 6.3 hours spent on formulating strategy and conducting fact investigation; 5.8 hours spent on preparing other documents; 1.9 hours spent on communicating with opposing counsel; and 8.2 hours spent preparing the attorney's fees motion and 6 hours spent on preparing the reply brief to the fees motion. (Vidal Decl. ¶ 10; Vidal Supp. Decl. ¶ 5.)

Mr. Vidal reduced the amount sought by 14.8 hours as follows:

- A 5.4-hour reduction for all work spent on preparing the Rule 26(f) report;

- A 4.5-hour reduction for time spent preparing for and attending a July 12, 2010 hearing that the Court had to continue because Plaintiff belatedly filed a supplemental brief to which the parties agreed but did not inform the Court;

- A 3.8-hour reduction for time spent preparing declarations from two witnesses, submitted in response to Plaintiff's supplemental brief, which the Court declined to consider because Plaintiff did not have a chance to respond to them (Docket No. 41 at 9 n.7); and

- A 1.6-hour reduction for time spent briefing the issue of falsity in Defendant's supplemental brief, which the Court disregarded as not raised by Plaintiff's papers (Docket No. 41 at 17 n.10).

(Vidal Decl. ¶ 8.) The 9 hours spent by attorneys with Schlichter & Shonack included research, writing, and meeting with Kesterson and Mr. Vidal regarding the anti-SLAPP motion. (Schlichter Decl. ¶ 5.) The costs incurred included $2,468.66 for a deposition of Kesterson, plus $36.36 in additional costs. (Vidal Decl. ¶ 16.)

**DISCUSSION**

If an anti-SLAPP motion is successful, the prevailing defendant is entitled to an award of reasonable attorney's fees and costs. See Cal. Code Civ. P. 425.16(c); U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 971 (9th Cir. 1999). Defendant prevailed here and the Court has already held that he is entitled to reasonable attorney's fees. (Docket No. 41.) The only question remaining is to determine what amount of fees is reasonable. See Robertson v. Rodriguez, 36 Cal. App. 4th 347, 362 (1995).

Reasonableness under section 425.16(c) is determined by calculating the lodestar amount, see Ketchum, 24 Cal. 4th at 1136, which is the number of hours reasonably expended multiplied by a reasonable hourly rate, Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993). The fee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2048 ABC (SSx) | Date | November 23, 2010 |
|---|---|---|---|
| Title | Bruce E. Fein v. Peter Scott Kesterson, et al. | | |

applicant bears the burden to produce evidence of reasonable rates and hours expended, which results in a calculation that is presumed to be reasonable. Id. at 622–23.

Once the lodestar is calculated, the Court may consider a variety of factors not already subsumed in the lodestar to make adjustments to that figure, such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) the contingent or fixed nature of the fee; (7) the limits imposed by the client or the case; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature of the professional relationship with the client; and (12) awards in similar cases. Id. at 622. Usually, the factors of novelty and complexity of the issues, special skill and experience of counsel, the quality of representation, and the results obtained are presumed to fall within the initial lodestar amount. Id. The Court may also reduce hours, however, "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), amended by 808 F.2d 1373, 1374 (9th Cir. 1987).

The Court finds that Defendant has adequately borne his burden to show that the lodestar in this case is reasonable. First, the number of hours spent on litigating the anti-SLAPP motion was reasonable under the circumstances. This case involved complex constitutional and defamation issues and complex factual issues about the Tamil people and alleged terrorist organizations. It was not unreasonable for Mr. Vidal to spend approximately 14% of his billable time from March through August working on Kesterson's defense to it, especially because the motion was intensely factual, including defending a deposition of Kesterson and analyzing his testimony to incorporate it into Defendant's briefing. Moreover, the stakes in this lawsuit were high because Kesterson's reputation as a congressional candidate was implicated by Plaintiff's lawsuit, strongly suggesting that the relatively modest ninety hours Defendant's counsel spent on this motion was reasonable. Notably, Mr. Vidal trimmed 14.8 hours from the 94.5 hours he actually spent (or approximately 15%) because those hours were devoted to either unnecessary or unrelated issues.

Second, the hourly rate of $350 is reasonable based on counsel's experience and expertise and based on the prevailing rates within the Los Angeles community. (Vidal Supp. Decl. ¶¶ 2–3, Exs. A, B.) Mr. Vidal served in several legal organizations and taught several courses at Pepperdine Law School. (Vidal Decl. ¶¶ 14–15.) He also has over ten years experience as a litigator, including in defamation cases. (Vidal Supp. Decl. ¶ 4.) The two attorneys with Schlichter & Shonack, LLP, with whom Mr. Vidal consulted, have over fifteen years experience as litigators and had extensive experience in defamation litigation and anti-SLAPP motions, apparently never having received an adverse outcome in a defamation case. (Schlichter Decl. ¶ 8.) Mr. Schlichter is qualified as an expert witness on the reasonableness of attorneys fees and affirms that $350 per hour is reasonable. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2048 ABC (SSx) | Date | November 23, 2010 |
|---|---|---|---|
| Title | Bruce E. Fein v. Peter Scott Kesterson, et al. | | |

Finally, the lodestar requested by Defendant is commensurate with other anti-SLAPP cases. See, e.g., Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777, 785 (1996) (awarding "over $27,000" in fees for successful anti-SLAPP motion).

Plaintiff raises four objections to Defendant's lodestar calculation: (1) the nine hours spent by Schlichter & Shonack attorneys was unnecessary and duplicative; (2) Mr. Vidal spent an unnecessary six hours briefing undisputed issues; (3) Mr. Vidal spent an unnecessary two hours on the uncontested issue of falsity; and (4) the hourly rate of $350 was inflated. None of these objections warrants a reduction in the lodestar.

First, the modest nine hours attorneys with Schlichter & Shonack spent in assisting Mr. Vidal with the motion did not result in "overstaffing," as Plaintiff contends. Mr. Vidal was certainly entitled to hire other attorneys to assist with Defendant's representation, especially attorneys experienced in defamation law and anti-SLAPP motions like Mr. Schlichter and Mr. Shonack, and the nine hours those attorneys spent does not suggest that they were unnecessarily duplicating Mr. Vidal's own efforts. Bouman v. Block, 940 F.2d 1211, 1236 (9th Cir. 1991) ("Common experience indicates that lawyers often hire other lawyers to help them with specific issues in the case.").

Second, Defendant's counsel's time will not be reduced by six hours for briefing undisputed issues. While several issues were ultimately undisputed in Plaintiff's opposition brief, such as public figure status, Mr. Vidal had no way to know what Plaintiff would dispute when the initial motion was filed. Thus, for the motion to comprehensively set forth the law, it properly included briefing on all necessary elements of defamation and the anti-SLAPP statute and the time Mr. Vidal spent briefing those issues was reasonable.

Third, Mr. Vidal's subtraction of 1.6 hours from the lodestar amount for unnecessarily briefing the falsity issue in Defendant's supplemental brief reflected a reasonable deduction for that time. Plaintiff has not demonstrated that an additional two hours must be deducted in order to more accurately account for that time.

Finally, for the reasons outlined above, $350 per hour reasonably reflects the experience of Defendant's attorneys and is commensurate with similar attorneys in the Los Angeles area. Plaintiff incorrectly believes that the motion involved only a simple factual issue of whether Plaintiff could establish that Defendant acted with actual malice in making his statements, when the motion involved complex issues of fact and law that had to be adequately researched and briefed in order for Defendant to prevail. Plaintiff himself multiplied the proceedings by submitting a large group of supporting documents that both Defendant's counsel and the Court spent time reviewing. As a result, Defendant's hourly rate is reasonable in this case.

Apart from the these objections, Plaintiff does not challenge the reasonableness of the 8.2 hours spent on the fees motion and the 6 hours spent on the reply brief, which may be awarded under section 425.16, see Ketchum, 24 Cal. 4th at 1141, and which the Court finds to be reasonable. Nor does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2048 ABC (SSx) | Date | November 23, 2010 |
|---|---|---|---|
| Title | Bruce E. Fein v. Peter Scott Kesterson, et al. | | |

Plaintiff challenge Defendant's request for costs, which the Court also finds to be reasonable.

## CONCLUSION

Thus, the Court GRANTS Defendant's motion in full and AWARDS Defendant $31,045 in fees for prosecuting the anti-SLAPP motion and the attorney's fees motion, $2,100 in additional fees spent on the reply brief for the attorney's fees motion, and $2,505.02 in costs. **Defendant is ORDERED to lodge a proposed order reflecting this award within ten (10) days of the filing of this Order.**

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     AB